UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LSC Liquidation, Inc., et al.

    Debtors.

_____/

Gene R. Kohut, solely in his capacity as Liquidating Trustee of the LSC Liquidating Trust

    Appellant,

v.

United Healthcare Insurance Company,

    Appellee.

_____/

Case No. 16-11325

Honorable Nancy G. Edmunds

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S MARCH 29, 2016 ORDER GRANTING MOTION TO AMEND SALE ORDER**

This is an appeal from a March 29, 2016 bankruptcy court order granting UnitedHealthcare Insurance Company's motion to amend. For the reasons stated herein, the Court AFFIRMS.

**I.    Background**

On April 13, 2015, Debtor Lee Steel Corporation, now known as LSC Liquidation, Inc. ("LSC"), and two affiliates filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. LSC was primarily engaged in the manufacture and sale of steel products. Appellee UnitedHealthcare ("United") provided medical insurance coverage to LSC's employees under two group health insurance policies (the "Policies").

On April 23, 2015, an Official Committee of Unsecured Creditors ("Committee") was appointed. On May 1, 2015, Debtors sought the bankruptcy court's permission to sell substantially all of their assets and on June 9, 2015, the bankruptcy court entered an order approving a procedure to solicit bids for the sale of Debtors' assets, including the assumption and assignment of executory contracts under 11 U.S.C. § 365 to the successful bidder. Shortly thereafter, LSC provided an "Assumption and Assignment Notice" to United, identifying the Policies as contracts that may be assumed and assigned under § 365 in the asset sale. (*See* R. 212.)

On August 12, 2015, the bankruptcy court entered a sale order authorizing the sale of certain fixed assets and LSC's working capital assets to Union Partners I, LLC. (hereinafter "Buyer"). The sale closed on September 18, 2015. In connection with the sale, Buyer hired certain of LSC's employees. In addition, on September 29, 2015, Buyer sent a letter to United, informing them that their name had changed effective September 18, 2015, and providing Buyer's tax identification number. (R. 263.)

On September 30, 2015, Debtors filed a Joint Plan of Liquidation and Disclosure Statement. (R. 67-107.) Under § 8.1 of the Plan, entry of a Confirmation Order constitutes "the rejection of all executory contracts and unexpired leases that have not already been assumed and assigned or rejected by the Debtors, or that are the subject of a pending motion to assume or reject as of the date the Confirmation Order is entered." (R. 86.) On November 24, 2015, the Bankruptcy Court entered the Confirmation Order. (R. 133-38.)

Because United had not been informed as to whether the Policies would be assumed and assigned in the sale, United concluded that the Policies were going to be rejected under § 8.1 and informed LSC that it would cease providing insurance coverage as of

December 1, 2015. (R. 212.) Buyer requested that United halt the termination of the Policies, as Buyer had intended to have the Policies assumed and assigned in the sale and to maintain insurance coverage for the employees that it had retained. (R. 175, 259.) United immediately complied and on December 3, 2015, LSC, Buyer, and United entered into a letter agreement confirming that both LSC and Buyer intended to have the Policies assumed by LSC and assigned to Buyer in the sale transaction. (R. 212, 216-19.) According to Buyer, the Policies have remained in effect to date: Buyer has continued to pay the monthly premiums and United has continued to provide coverage. (R. 260.)

On January 14, 2016, however, the Committee filed an adversary preference action against United, seeking to recover over $200,000 in allegedly preferential pre-petition transfers. (R. 140-49.) The Committee argues that United was not entitled to receive the premium payments because the Policies were not assumed and assigned in the sale order. (R. 140-49.) United presented the Committee with the December 3 letter and asked the Committee to withdraw its motion, but the Committee refused. (*See* R. 213.)

On February 26, 2016, United filed a motion to amend the sale order pursuant to Federal Rule of Civil Procedure 60,[1] to clarify and confirm that the Policies were assumed and assigned under 11 U.S.C. § 365.[2] The Committee objected. The bankruptcy court granted the motion to amend under either Rule 60(a) or (b)(1). This appeal followed.

---

[1] "Bankruptcy Rule 9024 makes Rule 60 applicable to cases under the Bankruptcy Code." *In re Walter*, 282 F.3d 434, 439 n.2 (6th Cir. 2002).

[2] Appellant's argument that United lacked standing to seek assumption and assignment of the Policies is without merit. United did not seek assumption and assignment in its February 26 motion, but rather, clarification and confirmation under Rule 60 that the Policies were in fact assigned and assumed in the sale order, as the parties intended.

**II.     Standard of Review**

The Court reviews the bankruptcy court's grant of relief under Rule 60 for an abuse of discretion. *In re Ernst*, Nos. 09-57667, 14-cv-12694, 2015 WL 1345359, at *2 (E.D. Mich. Mar. 20, 2015) (citing *Keeley v. Grinder*, 590 F. App'x 557, 559 (6th Cir. 2014)). The decision "cannot be reversed unless the reviewing court has a definite and firm conviction that the bankruptcy court committed a clear error of judgment." *Id.*

**III.    Analysis**

Under Rule 60(a), a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). A correction made pursuant to Rule 60(a) is not appropriate in instances where the court "changes its mind" or in order to "revisit its legal analysis or otherwise correct an error of substantive judgment." *In re Walter*, 282 F.3d at 440 (internal quotation marks omitted). Rather, a court acts properly under Rule 60(a) "when it is necessary to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the [relevant] time." *Id.* at 440-41 (internal quotation marks omitted). That is, a court properly grants a Rule 60(a) motion when it "make[s] the judgment or record speak the truth." *Id.* at 441.

The bankruptcy court concluded that all affected parties "intended at the time of the sale for there to be healthcare in place." (R. 567.) The failure to include express language to that effect, the bankruptcy court found, was a mistake that "was the result of an oversight." (R. 576-77.) The plain language of the Rule clearly provides for corrections of "a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The bankruptcy court further stated that amending the sale order under Rule 60(a) was

proper because the amendment "simply makes the order reflect the parties' intentions." (R. 576.) In addition, the bankruptcy court did not view the Committee as being prejudiced by the amendment because the only prejudice it would suffer would be the loss of its preference claim against United. (R. 577-78.) The bankruptcy court stated that "a preference recovery based solely on parties' mistake is the type of windfall that doesn't constitute prejudice ... that would give the Court grounds under ... 60(a) or 60(b)(1) to deny the relief requested." (R. 578.)

The Court cannot conclude that the bankruptcy court abused its discretion in permitting the amendment to the sale order under Rule 60(a). Because the Court affirms the decision under Rule 60(a), the Court need not address the bankruptcy court's alternative ground for granting relief under Rule 60(b)(1).

**IV. Conclusion**

For the reasons stated, the bankruptcy court's order amending the sale order is AFFIRMED.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 10, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager